FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  AUG 2 8 2007  ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LONG ISLAND OFFICE

----------------------------------------------------------------X

MICHELLE HUGHES,                                    CIV. #:

                                        Plaintiff,

        -against-                                   COMPLAINT

PIONEER CREDIT RECOVERY, INC.,

                                        Defendant.

----------------------------------------------------------------X

CV 07 3603

BIANCO, J.

WALL, M.J.

        Plaintiff MICHELLE HUGHES, complaining of the above-named Defendant, sets forth

as follows:

### JURISDICTION AND VENUE

        1.      Jurisdiction exists as against Defendant PIONEER CREDIT RECOVERY,

INC., pursuant to:

        (a)     28 U.S.C. § 1331, in that this action arises under the laws of the

United States, in particular 15 U.S.C. § 1692 et seq.; and

        (b)     15 U.S.C. § 1692k(d), in that this action is brought within one year

from the date on which the violation alleged herein occurred.

### GENERAL ALLEGATIONS

        2.      At all times hereinafter mentioned, Plaintiff MICHELLE HUGHES is a

resident of Suffolk County in the State of New York, residing at 30 East Beach Promenade,

Lindenhurst, New York 11757.

        3.      Defendant PIONEER CREDIT RECOVERY, INC. (hereinafter referred to

as "PCR"), is a foreign business corporation, organized under the laws of the State of Delaware.

4.    Defendant PCR, maintains a principal executive office for the purpose of transacting business at 26 Edward Street, Arcade, New York 14009.

5.    At all times hereinafter mentioned, Defendant PCR was, and still is, engaged in the business of debt collection.

6.    At all times hereinafter mentioned, Defendant PCR is a "debt collector," as that term is defined in 15 U.S.C. § 1692a(6), in that Defendant PCR uses instrumentalities of interstate commerce and/or the mails in a business the principal purpose of which is the collection of debts; and regularly collects or attempts to collect, directly and/or indirectly, debts owed or due or asserted to be owed or due others.

7.    On the 27th day of August 2007, Defendant PCR, its agents, servants and/or employees (hereinafter collectively referred to as "PCR"), initiated a "communication," as that term is defined in 15 U.S.C. § 1692a(2), in that Defendant PCR, its agents, servants and/or employees conveyed information regarding a debt directly or indirectly to a person through the medium of a telephone call to the employer of Plaintiff MICHELLE HUGHES.

## AS AND FOR A FIRST CAUSE OF ACTION

8.    Plaintiff MICHELLE HUGHES repeats and reiterates each and every allegation of paragraphs 1 through 7 above with the same force and effect as though fully set forth herein.

9.    Defendant PCR, during the course of the "communication" heretofore referenced in paragraph 7 above, did communicate with a person other than Plaintiff MICHELLE HUGHES, i.e., her employer, for the purpose of acquiring location information about Plaintiff MICHELLE HUGHES, and in so doing, intentionally failed to identify themselves; and intentionally failed to state that they are confirming or correcting location

information concerning Plaintiff MICHELLE HUGHES, in violation of 15 U.S.C. § 1692b(1).

## AS AND FOR A SECOND CAUSE OF ACTION

10.    Plaintiff MICHELLE HUGHES repeats and reiterates each and every allegation of paragraphs 1 through 7 above with the same force and effect as though fully set forth herein.

11.    Defendant PCR, during the course of the "communication" heretofore referenced in paragraph 7 above, did state to the employer of Plaintiff MICHELLE HUGHES that she owed a debt, in violation of 15 U.S.C. § 1692b(2).

## AS AND FOR A THIRD CAUSE OF ACTION

12.    Plaintiff MICHELLE HUGHES repeats and reiterates each and every allegation of paragraphs 1 through 7 above with the same force and effect as though fully set forth herein.

13.    Defendant PCR, during the course of the "communication" heretofore referenced in paragraph 7 above, did, without the prior consent of Plaintiff MICHELLE HUGHES given directly to Defendant PCR, or the express permission of a court of competent jurisdiction, communicate with the employer of Plaintiff MICHELLE HUGHES, which is a person other than Plaintiff MICHELLE HUGHES, her attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant PCR, in connection with the collection of a debt; and that said communication was not reasonably necessary to effectuate a post-judgment judicial remedy, in violation of 15 U.S.C. § 1692c(b).

## AS AND FOR A FOURTH CAUSE OF ACTION

14.    Plaintiff MICHELLE HUGHES repeats and reiterates each and every allegation of paragraphs 1 through 7 above with the same force and effect as though fully set

-4-

forth herein.

15.     Defendant PCR, during the course of the "communication" heretofore referenced in paragraph 7 above, did intentionally and falsely represent to the employer of Plaintiff MICHELLE HUGHES that Defendant PCR would fax documents evincing a wage garnishment to the employer of Plaintiff MICHELLE HUGHES; and the natural consequence of this conduct was to harass, oppress and/or abuse Plaintiff MICHELLE HUGHES in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

## AS AND FOR A FIFTH CAUSE OF ACTION

16.     Plaintiff MICHELLE HUGHES repeats and reiterates each and every allegation of paragraphs 1 through 7 above with the same force and effect as though fully set forth herein.

17.     Defendant PCR, during the course of the "communication" heretofore referenced in paragraph 7 above, did intentionally and falsely represent to the employer of Plaintiff MICHELLE HUGHES that Defendant PCR would fax documents evincing a wage garnishment to the employer of Plaintiff MICHELLE HUGHES; and thereby used a false, deceptive and/or misleading representation or means, i.e., the false representation that documents evincing a wage garnishment were in the possession of Defendant PCR and that Defendant PCR would fax such documents to the employer of Plaintiff MICHELLE HUGHES, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, generally.

## AS AND FOR A SIXTH CAUSE OF ACTION

18.     Plaintiff MICHELLE HUGHES repeats and reiterates each and every allegation of paragraphs 1 through 7 above with the same force and effect as though fully set forth herein.

19.     Defendant PCR, during the course of the "communication" heretofore referenced in paragraph 7 above, did intentionally and falsely represent to the employer of Plaintiff MICHELLE HUGHES that Defendant PCR would fax documents evincing a wage garnishment to the employer of Plaintiff MICHELLE HUGHES; and further stated that if Plaintiff MICHELLE HUGHES wished to avoid garnishment of her wages, she must telephone Defendant PCR and agree to pay a debt; and thereby made a representation or implication that nonpayment of the debt would result in a garnishment of the wages of Plaintiff MICHELLE HUGHES, when such action was not lawful and neither Defendant PCR nor the creditor intended to take such action, in violation of 15 U.S.C. § 1692e(4).

## AS AND FOR A SEVENTH CAUSE OF ACTION

20.     Plaintiff MICHELLE HUGHES repeats and reiterates each and every allegation of paragraphs 1 through 7 above with the same force and effect as though fully set forth herein.

21.     Defendant PCR, during the course of the "communication" heretofore referenced in paragraph 7 above, did intentionally and falsely represent to the employer of Plaintiff MICHELLE HUGHES that Defendant PCR would fax documents evincing a wage garnishment to the employer of Plaintiff MICHELLE HUGHES, when such action could not legally be taken and/or was not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

## AS AND FOR AN EIGHTH CAUSE OF ACTION

22.     Plaintiff MICHELLE HUGHES repeats and reiterates each and every allegation of paragraphs 1 through 7 above with the same force and effect as though fully set forth herein.

23.     Defendant PCR, during the course of the "communication" heretofore

referenced in paragraph 7 above, did intentionally and falsely represent to the employer of

Plaintiff MICHELLE HUGHES that Defendant PCR would fax documents evincing a wage

garnishment to the employer of Plaintiff MICHELLE HUGHES, in an effort to verify the

employment of, and to procure personal information concerning, Plaintiff MICHELLE

HUGHES, in an attempt to collect a debt, with knowledge that such representation was

deceptive, in violation of 15 U.S.C. § 1692e(10).

## AS AND FOR A NINTH CAUSE OF ACTION

24.     Plaintiff MICHELLE HUGHES repeats and reiterates each and every

allegation of paragraphs 1 through 7 above with the same force and effect as though fully set

forth herein.

25.     Defendant PCR, during the course of the "communication" heretofore

referenced in paragraph 7 above, failed to disclose that Defendant PCR was attempting to collect

a debt and that any information obtained would be used for that purpose, in violation of 15

U.S.C. § 1692e(11).

## AS AND FOR A TENTH CAUSE OF ACTION

26.     Plaintiff MICHELLE HUGHES repeats and reiterates each and every

allegation of paragraphs 1 through 7 above with the same force and effect as though fully set

forth herein.

27.     Defendant PCR, during the course of the "communication" heretofore

referenced in paragraph 7 above, specifically identified in an oral statement Plaintiff

MICHELLE HUGHES, an attorney and counselor at law duly admitted to practice law before

the courts of the State of New York and the United States District Court, Eastern District of New

York.

28.     Defendant PCR, during the course of the "communication" heretofore referenced in paragraph 7 above, published the statement heretofore referenced in paragraph 27 above to at least one person other than Plaintiff MICHELLE HUGHES; and that such other person was the director of human resources at the law firm at which Plaintiff MICHELLE HUGHES is employed.

29.     The statement heretofore referenced in paragraphs 27 and 28 above consisted of comments indicating that Plaintiff MICHELLE HUGHES is a person of poor character who is unfit to handle her own finances, in that Defendant PCR stated that Plaintiff MICHELLE HUGHES was a judgment debtor whose wages were subject to impending garnishment.

30.     The natural meaning of the statement of Defendant PCR to the employer of Plaintiff MICHELLE HUGHES that Plaintiff MICHELLE HUGHES is a person of poor character who is unfit to handle her own finances, is that Plaintiff MICHELLE HUGHES is unfit to handle the finances of others as well, including her clients.

31.     The statement heretofore referenced in paragraphs 27 and 28 above was and is false.

32.     The statement heretofore referenced in paragraphs 27 and 28 above is of such a nature as to adversely affect the personal and professional reputation of Plaintiff MICHELLE HUGHES, who, as an attorney and counselor at law is in a position of high trust in which it is inherent that she will handle the finances of others, including her clients.

33.     The statement heretofore referenced in paragraphs 27 and 28 above in fact has adversely affected the personal and professional reputation of Plaintiff MICHELLE HUGHES permanently, irrevocably and irreparably.

**WHEREFORE,** Plaintiff MICHELLE HUGHES demands judgment against Defendant PIONEER CREDIT RECOVERY, INC, on the First through Ninth Causes of Action herein in the amount of ONE THOUSAND DOLLARS ($1,000.00) for each enumerated violation, pursuant to 15 U.S.C. § 1692k(a)(2)(A), together with the costs of the action and reasonable attorney's fees as determined by this Court, pursuant to 15 U.S.C. § 1692k(a)(3); and on the Tenth Cause of Action in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00); and for such other and further relief as this Court may deem just and proper.

Dated: Farmingdale, New York
      August 28, 2007

Yours, etc.

By: _____

**MICHELLE HUGHES**
*Plaintiff*
30 East Beach Promenade
Lindenhurst, New York 11757
(631) 721-3396

TO:    PIONEER CREDIT RECOVERY, INC.
       *Defendant*
       26 Edward Street
       Arcade, New York 14009

## VERIFICATION

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF SUFFOLK  )


**MICHELLE HUGHES,** an attorney and counselor at law duly admitted to practice law

in the Courts of the State of New York and the United States District Court, Eastern District of

New York, affirm under penalty of perjury that I am the Plaintiff in the within action; that I have

read the foregoing Summons and Complaint and know the contents thereof; and that the same is

true to my own knowledge, except as to those matters stated to be alleged upon information and

belief, and as to those matters I believe it to be true.

Dated: Farmingdale, New York
       August 27, 2007

_____
**MICHELLE HUGHES**

UNITED STAES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    INDEX NO.:

MICHELLE HUGHES,

                                              Plaintiff,

              -against-

PIONEER CREDIT RECOVERY, INC.,
                                        Defendant.

## SUMMONS AND COMPLAINT

### MICHELLE HUGHES
*Plaintiff*
30 EAST BEACH PROMENADE
LINDENHURST, NEW YORK 11757
(631) 721-3396

TO:  **PIONEER CREDIT RECOVERY, INC.**
*Defendant*
26 EDWARD STREET
ARCADE, NEW YORK 14009